# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-968V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
HORACE MUNGIN,

            Petitioner,

            v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

            Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: November 14, 2017

Attorney's Fees and Costs.

*Jeffrey S. Pop*, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for Petitioner.

*Douglas Ross*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On August 9, 2016, Horace Mungin filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Mr. Mungin alleged that he suffered from left shoulder pain, left arm cellulitis, and index finger stenosing tenosynovitis as a result of his July 21, 2015, Prevnar 13 pneumococcal conjugate vaccine. Pet. at 1 (ECF No. 1). The parties agreed that the issues before them could be settled, and entered a stipulation for damages on September 25, 2017, which I adopted by decision the next day.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated November 3, 2017. *See* Motion for Attorney's Fees, dated Nov. 3, 2017 (ECF No. 28) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $17,567.23 (representing $15,904.50 in attorney's fees, plus $1,662.73 in costs). *Id.* at Exhibit 1 at 1. In accordance with General Order No. 9, Petitioner indicated that he has not incurred any costs related to the matter. Fees App. at 21. Respondent filed a document reacting to the fees request on November 7, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 29 at 2-3.

Here, Petitioner requests $400 and $420 per hour for his attorney, Mr. Jeffrey Pop for work performed in 2015 and 2016-2017, respectively. Fees App., Exhibit 1 at 1. Petitioner also requests rates of $250 per hour for a junior attorney, Kristina Grigorian, $145 per hour for a paralegal, and $125 for law clerks who performed work on the case. *Id.* These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience and will therefore be awarded. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The hourly rates sought for present counsel are also consistent with my prior determinations regarding Mr. Pop's rates (along with his associates and employees). *See Pentcholov v. Sec'y of Health & Human Servs.*, No. 14-414V, 2016 WL 3197389 (Fed. Cl. Spec. Mstr. Apr. 29, 2016).

The hours expended on this matter appear to be reasonable, and Respondent did not identify any entries as objectionable. The requested litigation costs to obtain medical records and pay the filing are reasonable, and will be awarded.

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$17,567.23** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Jeffrey Pop, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.